UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| L.R.,[1]<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT MUELLER, et al.,<br><br>    Defendants. | Case No. 23-cv-03421-PHK<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DENYING MOTION TO SEAL CASE**<br><br>Re: Dkts. 2, 3 |

*Pro se* Plaintiff L.R. brings this action against seventy-seven named and unnamed defendants, asserting claims predicated on the following: "18USC 1341 [sic]; 18USC 242 inter alia [sic], fraud and fraud in the inducement, this is not a social security case, THIS ARROSE [sic] OUT OF FRAUD IN THE SSA!" [Dkt. 1 at 1]. Before the Court are two motions: (1) Plaintiff's application to seal the case file [Dkt. 2]; and (2) Plaintiff's application to proceed *in forma pauperis* ("IFP"). [Dkt. 3].

**I.    IFP Application**

A plaintiff instituting a civil action in federal court must ordinarily pay a filing fee. *See* 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), a federal court "must authorize the commencement" of a civil suit without prepayment of the filing fee if the plaintiff submits an affidavit which "includes a statement of all assets" and which shows that the plaintiff is "unable to

---

[1] In actions involving requested review of a decision by the Commissioner of the Social Security Administration, the Court generally refers to plaintiffs only by their initials (or by first name and last initial) out of an abundance of caution and regarding for their privacy. Given the nature of the allegations in the complaint, it is not entirely clear that this action is an appeal of a decision by the Commissioner of the Social Security Administration, but again out of an excess of caution, for present purposes, the Court will refer to plaintiff here by their initials.

1  pay such fees or give security therefor." Because the statute does not itself define what constitutes
2  insufficient assets to warrant IFP status, the determination of indigency falls with the Court's
3  discretion. *See Williams v. Cnty. of Ventura,* 443 F. App'x 232, 233 (9th Cir. 2011). "The
4  granting or denial of leave to proceed in forma pauperis in civil cases is within the sound
5  discretion of the district court." *Venable v. Meyers*¸ 500 F.2d 1215, 1216 (9th Cir. 1974) (per
6  curiam), *cert. denied*, 419 U.S. 1090 (1974).
7        "An affidavit in support of an IFP application is sufficient where it alleges that the affiant
8  cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787
9  F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331,
10  339 (1948)). The affidavit must provide "sufficient details concerning [the applicant's] income,
11  assets, and expenditures[.]" *Williams*, 443 F. App'x at 233. "[T]here is no formula set forth by
12  statute, regulation, or case law to determine when someone is poor enough to earn IFP status."
13  *Escobedo*, 787 F.3d at 1235. Nevertheless, "a plaintiff seeking IFP status must allege poverty
14  'with some particularity, definiteness[,] and certainty.'" *Id.* (quoting *United States v. McQuade*,
15  647 F.2d 938, 940 (9th Cir. 1981)). "[O]ne need not be absolutely destitute to obtain the benefits
16  of the [IFP] statute." *Id.* (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).
17        Here, Plaintiff avers that they have never been employed. [Dkt. 3 at 1-2]. Plaintiff attests
18  to have no income aside from government support. *Id.* at 2. Plaintiff attests to have no assets
19  besides a wheelchair worth approximately $10,000. *Id.* at 2-3. Plaintiff's affidavit indicates that
20  Plaintiff's monthly expenses are either equivalent to or exceed Plaintiff's monthly income. *Id.*
21        Based on the information provided in the affidavit, the Court finds that Plaintiff has
22  adequately shown that they are entitled to IFP status. Specifically, the Court finds that paying the
23  filing fee in this case would clearly pose a substantial economic hardship on Plaintiff and would
24  result in Plaintiff's inability to afford the necessities of life for some period of time. *Escobedo*,
25  787 F.3d at 1234. While each case is to be determined on its specific facts, the Court is cognizant
26  that this Plaintiff's application is similar to other IFP applications granted under factually
27  analogous, if not virtually identical, circumstances. *See, e.g.*, *Bernard M. v. Kijakazi*, No. 23-cv-
28  02911-PHK, 2023 WL 8456320, at *1 (N.D. Cal. July 7, 2023) (granting IFP application where

plaintiff was unemployed, had no income other than government assistance, had no assets aside from $10 in a bank account, and had monthly rent expenses exceeding monthly income). Because Plaintiff's affidavit demonstrates that Plaintiff's monthly liabilities equal their monthly resources and that they have very few other assets upon which to draw, the Court finds that Plaintiff has demonstrated they qualify to proceed *in forma pauperis*.

Accordingly, **IT IS ORDERED THAT** Plaintiff's Application to Proceed *In Forma Pauperis* [Dkt. 3] is **GRANTED**.

## II. Motion to Seal

Plaintiff also moves to restrict public access to the docket and seal all documents associated with this case. [Dkt. 2]. For the following reasons, Plaintiff's motion is **DENIED**.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *see also Folz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records."). "This right is justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 598). The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Folz*, 331 F.3d at 1135; *see, e.g.*, *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).

A party seeking to seal court documents "bears the burden of overcoming th[e] strong presumption [of public access] by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178 (citation omitted). Accordingly, a party seeking to seal court documents must articulate "compelling reasons supported by specific factual findings" that "outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1179. Such compelling reasons include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (citations omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citation omitted).

3

In addition, in this District, all parties requesting sealing of documents in the docket must comply with Civil Local Rule 79-5. That rule requires, among other things, that the moving party provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing, (ii) the injury that will result if sealing is denied, and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(e)(1). The rule also requires the moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-5(c)(2). The proposed sealing order must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3). "Motions to seal entire pleadings or briefs are strongly disfavored and will be granted only in extraordinary circumstances." Civil L.R. 79-5(e); *see Kamakana*, 447 F.3d at 1183 (noting the preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11-cv-00410-YGR, 2012 WL 1497489, at *2-3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

Here, Plaintiff asks the Court to seal the entirety of all the documents in the Court's case file, which includes the Complaint, Plaintiff's IFP application, this Court's standardized Social Security Procedural Order, and the Recusal Order issued by the previous Judge assigned to this case. As support for the sealing request, Plaintiff's "Application To File Under Seal Application To Seal The Case Filing" states only the following:

> I WAS INFORMED BY SSA WORKER [sic] THAT I MUST FILE THIS CASE BEFORE I TURN 65 YEARS OLD WHICH IS TODAY AT 7:47 PM
>
> I DISAGREE WITH THIS BECAUSE I THINK THEIR DATE IS WRONG – IT SHOULD BE AUGUST 7th 2024 BUT I MUST ACT NOW TO PRESERVE THIS DATE TODAY

[Dkt. 2 at 1].

Further, in the complaint itself, Plaintiff wrote "APPLICATION TO FILE UNDER SEAL BECAUSE I BELIEVE THE DEFENDANTS TOLD ME THE WRONG DATE TO FILE!" [Dkt. 1 at 1].

In light of the legal standards discussed above, the Court finds that Plaintiff has not shown sufficient reasons to seal the entire case file or any particular documents contained therein.

Specifically, Plaintiff does not identify any legitimate private or public interests that warrant sealing court records, does not explain any potential injury that will result if the sealing request is denied, and does not discuss why a less restrictive alternative to sealing (such as redaction) would not be sufficient. Civil L.R. 79-5(c)(1). The fact that Plaintiff alleges that an unnamed person working in the Social Security Administration informed him that he must file this complaint on a particular date (and the fact that Plaintiff disputes the accuracy of the deadline) is not adequate cause to seal this entire case file. *See Yesipovich v. Berryhill*, No. C 15-00112 WHA, 2018 WL 3304609, at *1-2 (N.D. Cal. July 5, 2018) (finding plaintiff failed to show compelling reason to seal court documents associated with prior Social Security appeal).

Further, Plaintiff's blanket request to seal all docket entries is not "narrowly tailored" to only that which must be sealed. *See Doe v. Lee*, No. C 13-04029 LB, 2014 WL 630936, at *2-3 (N.D. Cal. Feb. 18, 2014) (denying plaintiff's motion to seal entire case file, where the request was not "narrowly tailored" to only "sealable material" as required by Civil L.R. 79-5(a)).

To the extent Plaintiff may somehow be concerned about revealing his confidential medical information or other sensitive personal data, the Court notes that members of the public do not have electronic access to Social Security court records, except for the docket sheet, orders, and opinions. Fed. R. Civ. P. 5.2(c); Civil L.R. 5-1(c)(5)(B)(i). And as noted above, this Court partially redacts plaintiffs' names in written orders issued in social security cases to further mitigate privacy concerns, as suggested by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Accordingly, Plaintiff's application to seal [Dkt. 2] is **DENIED**. The Clerk is hereby directed to unseal this case and unseal all documents previously filed under seal.

**IT IS SO ORDERED.**

Dated: May 13, 2024

PETER H. KANG
United States Magistrate Judge

5