1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6                             SAN FRANCISCO DIVISION

7

8    L.R.,[1]                                    Case No. 23-cv-03421-PHK

9                Plaintiff,                       **ORDER DISMISSING COMPLAINT**
                                                  **WITHOUT PREJUDICE PURSUANT**
10        v.                                      **TO 28 U.S.C. § 1915(e)(2)(B)**

11   ROBERT MUELLER, et al.,                      Re: Dkt. 1

12               Defendants.

13

14           *Pro se* Plaintiff L.R. brings this lawsuit against seventy-seven named and unnamed

15   defendants, asserting claims predicated on the following verbatim text: "18USC 1341 [sic];

16   18USC 242 inter alia [sic], fraud and fraud in the inducement, this is not a social security case,

17   THIS ARROSE [sic] OUT OF FRAUD IN THE SSA!" [Dkt. 1 at 1]. The Court previously

18   granted Plaintiff's financial application to proceed *in forma pauperis* ("IFP"), in accordance with

19   28 U.S.C. § 1915(a). [Dkt. 7]. The Court now analyzes whether Plaintiff's Complaint satisfies

20   the mandatory screening requirements of 28 U.S.C. § 1915(e)(2)(B).

21                                **LEGAL STANDARD**

22           Any complaint filed pursuant to the IFP provisions of § 1915(a) is subject to mandatory

23   review by the Court and *sua sponte* dismissal if the Court determines the complaint is "frivolous

24   or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief

25

26   ─────────────────

27   [1] As discussed herein, the *pro se* complaint at issue is somewhat ambiguous. It appears that Plaintiff
     may be seeking review of an adverse decision regarding Social Security benefits. Accordingly, as
     is the Court's practice in social security cases and out of an abundance of caution, the Court will
28   refer to Plaintiff in this public Order only by their first and last initials out of regard for any potential
     privacy concerns.

1  against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see*

2  *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.

3  § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.

4  2000) (en banc) ("[S]ection 1915(e) not only permits, but *requires* a district court to dismiss an

5  [IFP] complaint that fails to state a claim.") (emphasis added); *see also Chavez v. Robinson*, 817

6  F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if

7  dismissal comes before the defendants are served").  Congress enacted this safeguard because "a

8  litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks

9  an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

10  *v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

11       If the Court dismisses a complaint pursuant to § 1915(e)(2)(B), the plaintiff may still file

12  the same complaint by paying the filing fee because such dismissal is not on the merits; rather, the

13  dismissal is an exercise of the Court's discretion under the IFP statute.  *Biesenbach v. Does 1-3*,

14  No. 21-cv-08091-DMR, 2022 WL 204358, at *2 (N.D. Cal. Jan. 24, 2022) (citing *Denton*, 504

15  U.S. at 32).

16       Because Plaintiff proceeds in this matter *pro se*, the Court construes Plaintiff's allegations

17  liberally and affords him the "benefit of any doubt" in undertaking the mandatory screening of

18  Plaintiff's Complaint under § 1915(e)(2)(B).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

19  2012) (citation omitted).

20                           **ANALYSIS**

21  **I.      Whether the Complaint is Frivolous or Malicious**

22       The Court first considers whether Plaintiff's Complaint is "frivolous or malicious."  28

23  U.S.C. § 1915(e)(2)(B)(i).  A complaint is frivolous if "it lacks an arguable basis either in law or

24  in fact."  *Denton*, 504 U.S. at 31 (quoting *Neitzke*, 490 U.S. at 325).  A complaint is legally

25  frivolous if it fails to establish standing and subject matter jurisdiction.  *Pratt v. Sumner*, 807 F.2d

26  817, 819 (9th Cir. 1987).  A complaint is malicious "if it was filed with the 'intention or desire to

27  harm another.'"  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted).

28       As an initial matter, the Court finds no indication that Plaintiff's Complaint was "filed with

United States District Court
Northern District of California

1  the intention or desire to harm another." *Id.*  Accordingly, the Complaint as drafted does not

2  appear to be malicious and thus dismissal is not warranted on that basis.

3         As to frivolousness, the Court finds that Plaintiff's Complaint is frivolous because it fails

4  to establish subject matter jurisdiction or standing.  As courts of limited jurisdiction, "federal

5  courts have an independent obligation to ensure that they do not exceed the scope of their

6  jurisdiction[.]"  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  There are

7  two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C.

8  § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question

9  jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United

10  States." 28 U.S.C. § 1331.  A cause of action "arises under federal law only when the plaintiff's

11  well-pleaded complaint raises issues of federal law."  *Marin Gen. Hosp. v. Modesto & Empire*

12  *Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (quoting *Hansen v. Blue Cross of Calif.*, 891 F.2d

13  1384, 1386 (9th Cir. 1989)).  A district court has diversity jurisdiction "where the matter in

14  controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or

15  citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332.

16         Here, Plaintiff purports to invoke federal question jurisdiction pursuant to 18 U.S.C.

17  §§ 242 and 1341.  *See* Dkt. 1 at 1 ("Jurisdiction18USC 1341 [sic]; 18USC 242 [sic] inter alia,

18  fraud and fraud in the inducement, this is not a social security case, this ARROSE [sic] OUT OF

19  FRAUD IN THE SSA!").  Title 18 of the United States Code is titled "Crimes and Criminal

20  Procedure."  It is no surprise, then, that 18 U.S.C. §§ 242 and 1341 "are criminal statutes, and it is

21  well-settled that 'a private citizen lacks a judicially cognizable interest in the prosecution or non-

22  prosecution of another.'"  *Carey v. Torres*, No. 24-cv-09534-TSH, 2025 WL 277399, at *5 (N.D.

23  Cal. Jan. 23, 2025) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Aldabe v.*

24  *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("These criminal provisions, however, provide no

25  basis for civil liability."); *Redmond v. United States*, No. 22-cv-01107-TSH, 2022 WL 1304472, at

26  *3 (N.D. Cal. May 2, 2022) ("[P]rivate individuals lack standing to assert claims for relief based

27  on criminal statutes.") (collecting cases).  "Individuals cannot file criminal charges in the United

28  States District Court.  Rather, criminal proceedings in federal court are initiated by the

1    government, usually through the United States Attorney's Office." *Carey*, 2025 WL 277399, at *5

2    (quoting *:Candy-Anh-Thu:Tran v. Daniel*, No. 17-cv-04243-BLF, 2017 WL 6513414, at *2 (N.D.

3    Cal. Dec. 20, 2017)) (alteration omitted).

4         Accordingly, Plaintiff lacks standing to bring claims under either 18 U.S.C. § 242 or 18

5    U.S.C. § 1341, as alleged in the Complaint. *See Williams v. Praetorian Ins. Co.*, No. 20-cv-

6    04766-TSH, 2020 WL 13815138, at *2 (N.D. Cal. July 16, 2020) ("Because Williams lacks

7    standing to bring criminal charges, any such claim must be dismissed without leave to amend.").

8    If Plaintiff believes the individuals and entities names as defendants in his Complaint have

9    engaged in criminal conduct, Plaintiff may try to contact federal law enforcement or the United

10   States Attorney's Office, but the ultimate decision on whether to investigate or prosecute any

11   federal crimes rests with these government officials and not with Plaintiff.

12        To the extent that Plaintiff is attempting to invoke this Court's diversity jurisdiction, the

13   Complaint does not allege the Parties' citizenship or allege that the amount in controversy exceeds

14   the statutory minimum. *See* 28 U.S.C. § 1332. Accordingly, the Complaint fails to adequately

15   plead diversity jurisdiction, and for that reason, fails to demonstrate subject matter jurisdiction.

16        Accordingly, the Court determines that Plaintiff's Complaint is subject to dismissal as

17   frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for failure to adequately plead subject matter

18   jurisdiction.

19   **II.    Whether the Complaint Fails to State a Claim for Relief**

20        The Court next considers whether the Complaint should be dismissed for failure to state a

21   claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). "The standard for determining whether a plaintiff

22   has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same

23   as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison*, 668

24   F.3d at 1112 (citing *Lopez*, 203 F.3d at 1127). "The Rule 12(b)(6) standard requires a complaint

25   to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

26   face." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (*Ashcroft v. Iqbal*, 556 U.S. 662,

27   678 (2009)). Detailed factual allegations are not required but "[t]hreadbare recitals of the

28   elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

4

556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  *Twombly*, 550 U.S. at 562 (citation omitted) (emphasis in original).

Here, Plaintiff's allegations fail to state a claim for relief.  In the Complaint, Plaintiff alleges that various individuals and governmental entities engaged in "fraud."  [Dkt. 1 at 1-2]. Plaintiff's vague allegations appear directed at an application or claim for social security disability benefits.  Plaintiff states that he "incorporates all previously filed information and exhibits and especially the writings and recommendations of Defendants #1 Robert Mueller and #2 Jocelyn Burton," as well as "the written orders from Judge Charles A. Legge Former Judge of the Northern District of California[.]"  *Id.* at 1.  Plaintiff also references communications with a "worker assigned to the Benefits Analysis Division of the Social Security Administration" regarding "the wrong ResJudicata [sic] standing of this case."  *Id.* at 2.  Plaintiff alleges that "the SSA has committed severe frauds against [him] previously, including but not limited to DENYING THE EXISTENCE OF the tumor in his spine existant [sic] since he was 12 years old; and USING THAT DENIAL OF TUMOR EXISTANCE to deny his childhood based, [sic] on his father's and mother's SSA Accounts, and falsely claiming [he] had money to close his SSI claims."  *Id.*  Stating that he is "VERY SICK AND MEDICALLY FRAGILE," Plaintiff asks the Court to "IMMEDIATELY SET ASIDE THIS CURRENT CASE-AT-BAR FOR APPROXIMATELY ONE YEAR" so that he can preserve his ability to file "A NEW LAWSUIT" for social security benefits.  *Id.* at 2-3.

To the extent that Plaintiff is attempting to bring a fraud-based claim, the Federal Rules of Civil Procedure require that he allege fraud "with particularity."  Fed. R. Civ. P. 9(b); *accord Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 404 (9th Cir. 2021) ("Because allegations of fraud inescapably carry a degree of moral turpitude, Rule 9(b) imparts a heightened note of seriousness, requiring a greater degree of pre-discovery investigation by the plaintiff, followed by the plaintiff's required particular allegations, thereby protecting a defendant's reputation from frivolous and unfounded allegations and permitting a particularized basis for a

defendant to respond to the particularized allegations.").  To plead fraud with particularity, "the pleader must state the time, place, and specific content of the false representations as well as the identity of the parties to the misrepresentation."  *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  That is, "[a]verments of fraud must be accompanied by the who, what, when, where, and how" of the alleged misconduct.  *Terpin v. AT&T Mobility LLC*, 118 F.4th 1102, 1112 (9th Cir. 2024) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).  Here, the Complaint does not adequately set forth the "who, what, when, where, and how" of the alleged fraud, but rather (as quoted above) refers generally to some actions taken in connection with an apparent denial of social security benefits without sufficient explanation as to the alleged fraud.

"The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); intend to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage."  *Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004).  As quoted above, the Complaint does not adequately plead the required elements of fraud.  Rather, the Complaint asserts "fraud," "fraud in the inductment [sic]," and "fraud in the SSA" in conclusory terms.  Even construing the Complaint liberally, the allegations which appear to support Plaintiff's fraud claims are that: (1) a Social Security Administration employee "very recently this year" told Plaintiff "WITH ABSOLUTE ROCK SOLID CERTAINTIY [sic] THAT UNLESS A NEW LAWSUIT [for social security benefits] WAS FILED BEFORE THE PLAINTIFF TURNS 65 YEARS OLD THEN THAT LAWSUIT WILL BE BARRED;" (2) former Northern District of California Judge Charles A. Legge "promised Plaintiff that defendants Jocelyn Burton and Robert Mueller would resolve the backpay issues in this case;" (3) "the SSA has committed severe frauds against [Plaintiff] previously, including but not limited to DENYING THE EXISTENCE OF the tumor in his spine existant [sic] since he was 12 years old; and USING THAT DENIAL OF TUMOR EXISTANCE to deny his childhood based, [sic] on his father's and mother's SSA Accounts, and falsely claiming [he] had money to close his SSI claims;" and (4) Defendants Robert Mueller and Jocelyn Burton "swore under oath to a federal judge" that they would "INVESTIGAT[E] . . . PAYING PLAINTIFF HIS BACKPAY

1  . . . but then actually never so did."  [Dkt. 1 at 1-2].

2        To the extent that Plaintiff is attempting to allege fraud based on the alleged statements by

3  the SSA employee or the "promise" made by Judge Legge, Plaintiff does not allege who that

4  employee is, when the statements were made, or how and why any statement or "promise" was a

5  misrepresentation.  To the extent that Plaintiff alleges "severe frauds" committed by the SSA

6  "previously," Plaintiff does not allege who specifically made the alleged promise, what specific

7  statements were made, when and where the statements were made, or how they were made.  *See*

8  *Lazar v. Superior Ct.*, 909 P.2d 981, 989 (Cal. 1996) (stating that the particularity requirement for

9  fraud claims "necessitates pleading *facts* which show how, when, where, to whom, and by what

10  means the representations were tendered").  To the extent that Plaintiff alleges that Defendants

11  Mueller and Burton failed to investigate Plaintiff's backpay issue, the Complaint fails to allege

12  what specific statements these Defendants made, when and where the statements were made, how

13  they were made, and more specifically, how these alleged promises were breached.

14        To the extent that Plaintiff has filed this lawsuit to seek this Court's review of the

15  circumstances surrounding the apparent denial of Plaintiff's previous social security applications,

16  the Court lacks jurisdiction to do so.  Judicial review of appeals of final decisions of the Social

17  Security Administration are governed by a specific set of rules and procedures.  *See* Fed. R. Civ.

18  P. Supp. Soc. Sec. R.  1 ("These rules govern an action under 42 U.S.C. § 405(g) for review on the

19  record of a final decision of the Commissioner of Social Security that presents only an individual

20  claim.").  Plaintiff has failed to identify or otherwise allege that there exists an official "final

21  decision" made by the Social Security Administration regarding Plaintiff's application(s) for

22  benefits.  *See*  Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1) (setting forth the minimum pleading

23  requirements for social security claims); *see also Richards v. Apfel*, No. C-98-4132-CAL, 1999

24  WL 252477, at *1 (N.D. Cal. Apr. 14, 1999) ("The Social Security Act bars judicial intervention

25  in benefit claims processings.  The sole jurisdictional basis for court review of administrative

26  actions concerning claims for benefits under Titles II and XVI is set forth in 42 U.S.C. § 405(g).").

27        Accordingly, the Court finds that Plaintiff has failed to plausibly allege a claim for relief.

28  For that reason, Plaintiff's Complaint is also subject to dismissal on that basis, pursuant to 28

United States District Court
Northern District of California

7

U.S.C. § 1915(e)(2)(B)(ii).

**III.     Whether any Defendant is Immune from Monetary Relief**

While the Court finds that the Complaint must be dismissed under the first two prongs of § 1915(e)(2)(B) as discussed above, for completeness the Court turns to the third prong of the statute.  Under the mandatory screening statute, the final inquiry is whether the Complaint seeks monetary relief against defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(iii).  Here, Plaintiff does not specify the form of relief that he seeks.  To the extent that Plaintiff is seeking monetary relief, it appears likely that at least some of the defendants may be immune from such relief.  However, given the ambiguity of the pleading, the Court will not dismiss the Complaint on these grounds.  As discussed below, the Court provides Plaintiff the opportunity to file an amended complaint which should more squarely identify both the named defendants and the exact relief sought.

### <u>CONCLUSION</u>

For the reasons set forth herein, **IT IS ORDERED THAT:**

1.  Plaintiff's Complaint [Dkt. 1] is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous and for failure to state a claim for relief.

2.  Plaintiff is **GRANTED LEAVE** to file an Amended Complaint that addresses the issues discussed herein by no later than **<u>August 1, 2025</u>**.

3.  If Plaintiff does not file an amended complaint by the ordered deadline or if he cannot cure the identified deficiencies, that may result in negative consequences for this case, including but not limited to a recommendation by this Court that this action be dismissed with prejudice either in whole or in part.

4.  Plaintiff is **ADVISED** that there are several resources for *pro se* litigants.  The Court makes available a guide for *pro se* litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial.  This guide is available electronically online at https://www.cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf or in hard

United States District Court
Northern District of California

United States District Court
Northern District of California

1   copy form free of charge from the Clerk of Court's Office.  The Court additionally has a

2   webpage with resources for *pro se* litigants: https://www.cand.uscourts.gov/pro-se-

3   litigants/.  In addition, Plaintiff has the option to seek assistance from the Legal Help

4   Center by making an appointment by telephone at (415) 782-8982 or by email at

5   fedpro@sfbar.org.  The Legal Help Center is a free service provided by the Justice &

6   Diversity Center of the Bar Association of San Francisco ("JDC"), and is not part of the

7   United States District Court.  The Legal Help Center is staffed by attorneys employed by

8   the JDC to provide information and limited-scope legal assistance to *pro se* litigants in

9   civil cases.  *See* https://cand.uscourts.gov/about/court-programs/legal-helpdesks/.

10  5.   The Court further **ADVISES** that the amended complaint shall include the caption and

11  civil case number used in this Order (24-cv-01513-PHK) and the words FIRST

12  AMENDED COMPLAINT shall be written on the caption page.  The Court recommends

13  that Plaintiff use this Court's form complaint (available on the Court website) for drafting

14  the amended complaint.

15  6.   Because an amended complaint completely replaces the previous complaint, Plaintiff

16  **SHALL** include in his amended complaint all claims he wishes to present, all defendants

17  he wishes to sue, and all relief sought.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th

18  Cir. 1992).  The amended complaint **SHALL NOT** incorporate material from the prior

19  complaint by reference.  Similarly, the amended complaint **SHALL NOT** incorporate by

20  reference unidentified filings in either previous Social Security Administration proceedings

21  or in previous lawsuits.  In that regard, the Court notes that the *Richards* case cited above

22  appears to be a previous lawsuit filed by Plaintiff here against numerous defendants

23  involved with the Social Security Administration, and that previous case was dismissed by

24  Judge Legge.  *See Richards v. Apfel*, No. C-98-4132-CAL, 1999 WL 252477 (N.D. Cal.

25  Apr. 14, 1999).  In that dismissal Order, Judge Legge wrote:

26       [T]he government has represented to this court in its brief that upon
         dismissal of this action, plaintiff's case will be returned to the proper
27       component of the Social Security Administration to address plaintiff's
         January 1988 request for reconsideration.  In light of the above ruling,
28       the court assumes that the government will honor this representation.

9

> And plaintiff might be able to obtain reinstatement of his Title XVI checks by complying with the SSA's requests for information.

*Id.* at *7.

To the extent Plaintiff is relying on the government's representation from 1999 as the basis for the current lawsuit, Plaintiff's amended complaint **SHALL** explain with specific facts what happened after that reconsideration and how and why those events constitute the alleged fraud.

7. Plaintiff **SHALL** comply with all of this Court's Orders (including all Standing Orders, available on the Court's website) and all deadlines required by the Federal Rules of Civil Procedure and the Local Rules of this Court, in a timely fashion.  When needed, Plaintiff may file a motion (prior to a deadline) requesting an extension of time to meet a court-ordered deadline.  In order to be granted, any such motion **SHALL** show good cause why there exists a need for a reasonable amount of additional time to complete the necessary tasks.

8. Failure to file an amended complaint by the deadline herein and failure to prosecute this action timely may result in negative consequences for Plaintiff's case, including recommendation for dismissal of this action with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

Dated:  June 9, 2025

PETER H. KANG
United States Magistrate Judge